## Borderland Coal Company v. Burchett.

(Decided February 3, 1922.)

### Appeal from Pike Circuit Court.

1. Judgment—Proceeding—Validity.—Where by agreement of parties a case was inserted in a notice posted at a court house door ten days before a special term at which it was tried, and was later tried at that term, without objection to the authority and power of the court therein, an objection made to the jurisdiction after the rendition of the verdict is too late, and the objecting party will be held to have consented to the trial and, in so far as the jurisdiction is concerned, the judgment is valid.

2. Trial—Defendants Summoned.—Upon the discontinuance of the case on the first day of the term, as to defendants not summoned, plaintiff is entitled to a trial at that term under section 353 of the Code as against the other defendants summoned in time.

3. Trial—Appearance Case—Discretion.—Section 367a, subsection 9 of the Civil Code does not prohibit a trial court from setting an appearance case for trial on the first day of the term and trying it on that day. A large discretion is vested in the trial court as to setting its docket, and, unless that discretion is abused and a substantial right denied, it is not error to require the trial of an appearance case on the first day of the term at which it stands for trial.

4. Trial—Discretion.—There was not an abuse of judicial discretion in requiring the defendant to proceed to trial and overruling its motion for a continuance, in view of the fact that the effect of the testimony of the absent witnesses was placed before the jury in the shape of affidavits.

5. Trial—Submission to Jury.—Evidence examined and held to warrant the submission of the case to the jury on the question of whether the plaintiff was employed by an independent contractor, or whether the control and authority exercised over plaintiff and the work he was doing were such as to create the relationship of master and servant between the defendant and himself; also held that there was sufficient evidence for the jury on the question of the negligence of defendant.

6. Trial—Instructions.—The instructions given to the jury properly submitted to them the law of the case, according to the negligence alleged and the evidence introduced.

7. **Damages—Excessive Damages.**—Evidence examined and held not to warrant the conclusion that the damages are excessive.

J. J. MOORE and JAMES P. WOODS for appellant.

J. E. CHILDERS and ROSCOE VANOVER for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

The appellee, G. C. Burchett, filed suit in the Pike circuit court against appellant, Borderland Coal Company, and John Doss seeking damages in the sum of $10,000.00 for injuries alleged to have been sustained on the 10th day of July, 1916, while he was employed by the two defendants. It was alleged in the petition that while working for the defendants, a large piece of timber was violently and abruptly thrown against the plaintiff with the result that his leg and ankle were crushed and broken and other parts of his body injured, and that the injuries sustained were caused by the gross negligence and carelessness of the defendants and their agents, servants and employees. It was further alleged that the place in which the plaintiff was put to work and the kind of work that he was required to perform were dangerous and those facts were known or by the exercise of ordinary care could have been known to defendants, but were not known or by the exercise of ordinary care could not have been known to plaintiff. This ground of alleged negligence, however, was not developed in the proof or submitted to the jury.

John Doss was never summoned in the case, but appellant filed answer traversing the allegations of the petition, and by separate paragraphs pleaded contributory negligence and assumed risk on the part of appellee. The affirmative allegations of the answer were controverted of record. On the trial there was a verdict and judgment against appellant for $5,000.00, for the reversal of which various grounds are urged. We will consider them in the order in which they are argued.

The case was tried by a special judge designated by the Governor, and the first contention of appellant is that the judgment is void because the case was not tried at a regular term and was not embraced in the call for the special term at which it was tried.

The regular judge of the Pike circuit court was of counsel for plaintiff, and being interested in other cases

pending in the Pike circuit court these facts were certified to the Governor, with the request that he appoint a special judge to try the cases. In the first certification the present case was not included but later by agreement of counsel it was certified to the Governor, who designated the same judge for this trial as had been designated in the other cases. It appears, however, that in the call for the special term this case was not included but thereafter by consent of counsel it was written into the notice, posted at the front door of the court house more than ten days before the date of the beginning of the special term. The special term convened on May 10, 1920, and on the calling of this case, counsel for appellant asked for a continuance and in support of the motion filed his affidavit. The ground for continuance was the absence of two witnesses, L. E. Armentrout, vice president of defendant company, and S. D. Stokes, an attorney of West Virginia. The affidavit stated the facts to which these witnesses would testify, but the motion was overruled and appellant required to proceed to trial.

So far as this record shows no objection was made at that time to the trial, on the ground that the case was not included in the call of the special term, but the foundation of the motion was the absence of the two witnesses mentioned. Counsel for appellant had agreed to the inclusion of the case in the notice posted at the court house door, and not until after the trial and the rendition of the judgment herein was the question of jurisdiction raised by appellant. Having agreed to the inclusion of the case in the notice posted at the court house door, and not having raised the question of jurisdiction until after the judgment was rendered, appellant can not now successfully assail the regularity of the proceedings, on the ground that the court was without jurisdiction to try the case at the special term. A party cannot consent to and acquiesce in a proceeding of this kind, without objection to the authority and power of the court therein, and after judgment is rendered attack the validity of the proceeding on the ground of lack of jurisdiction. Without deciding the question as to whether the court had authority to try the case at the special term, it is sufficient to say that appellant waived that question and must be regarded as having consented to the trial and, in so far as that question is concerned, the judgment is valid.

The next contention of appellant is that its motion for a continuance, made on the first day of the special term, should have prevailed, after the dismissal of the suit as to its co-defendant, Doss. This contention does not seem to be urged on the theory that appellant was entitled to a continuance as a matter of right under the circumstances, nor do we perceive how such an argument could be advanced in view of section 363 of the Civil Code. That section provides that the plaintiff can demand a trial at any term as to any part of the defendants summoned in time, upon his discontinuing the action on the first day of the term as to other defendants not summoned. Doss was not summoned and on the first day of the term appellee dismissed the suit as to him. It is plain, therefore, that the appellee was entitled to a trial at that term as to appellant which was properly before the court.

But it is said that under section 367-a, subsection 9 of the Civil Code, it was the duty of the court to call the docket on the first day and enter default judgments where no defenses were made, and where defenses were made to proceed to set the actions down for trial at some convenient day in the term. This Code provision is relied on by appellant as supporting the assumed position that it prohibited a trial on the first day of the term. The position is untenable. The court has a large discretion as to the setting of its docket and undoubtedly may set an appearance case for trial on the first day of the term. Hedges v. Down, 59 Ky. 160; Resenberg v. Dahl, 162 Ky. 92; Atkins v. Kendrick, 131 Ky. 779, relied on, in no wise militate against this rule of practice. The discretion, as exercised by the court in this respect, is subject to review as to its soundness, but this brings us to the third contention of appellant, allied with the second, which is that the motion for a continuance should have been sustained on its merits.

Proceeding on the principle that the action of the trial court, in overruling a motion for a postponement or a continuance, is subject to review by this court, and when there has been an abuse of discretion the error so committed will be corrected, we come to consider the reasons advanced by appellant for the continuance. They consisted in the absence of the vice president of appellant and an attorney in West Virginia, to whom appellee had made certain statements thought to be inimical

to his interests. The vice president of appellant had apparently contemplated attending the trial, but, on account of labor conditions at the mine, wired his counsel that he would be unable to be present. The affidavit of counsel stating what this witness would testify to was read as evidence on behalf of appellant. Even after the trial commenced it was not impracticable for the witness to attend the trial in time to testify, if he considered it of sufficient importance to justify his leaving the business that he was attending to. But even if conditions at his mine were such as absolutely forbade his attendance at court, and that contingency could not have been anticipated and his deposition taken in time for use on the trial, the affidavit as to what he would state was admitted in evidence. In these circumstances we do not consider that there was an abuse of judicial discretion in denying a continuance on the ground of his absence. Nor do we consider it error to have denied a continuance on the ground of the absence of Attorney Stokes. His testimony was not material to any issue in the case; in fact it was of doubtful competency. He was not a resident of the state and his attendance could not be enforced, besides it does not appear that any effort had been made to procure the benefit of his testimony, in the event of his failing to appear and testify orally. And in addition to all this an affidavit showing what he would testify to, if present, was permitted to be read as his testimony. His absence, therefore, was not a sufficient ground to justify the continuance of the case. In view of these facts it was proper for the trial court to overrule the motion for a continuance on its merits.

The main contention of appellant is that its motion for a peremptory instruction to find for defendant should have prevailed. This is urged first, on the ground that appellee was not an employee of appellant but was employed by John Doss, an independent contractor, and second, on the ground that the evidence fails to show actionable negligence against appellant.

As supporting the argument that appellee was employed by John Doss, an independent contractor, and, therefore, no liability attached to appellant on account of the injury sustained, counsel rely on Ballard & Ballard Co. v. Lee's Admr., 131 Ky. 414; L. & N. R. R. Co. v. Smith's Admr., 134 Ky. 47; Bellamy v. The F. A. Ames

Co., 140 Ky. 98; Employers' Indemnity Co. v. Kelly Coal Co., 149 Ky. 712.

These cases and others that might be cited vary in the application of the doctrine of independent contractor, according to the terms and conditions of the contract and the method of performing the work thereunder. There is no difference, however, between any two of them in the principle announced, but its application in every case is dependent upon the facts in that particular case. The rule is, if the contractor furnishes his own assistance and executes the work either entirely according to his own interests or according to plans previously given him by the person for whom the work is to be done, without being subject to the orders of the latter in respect to the details of the work, the person so engaged will be regarded as an independent contractor and the laborers he employs will be his servants and not the servants of the owner of the property.

This rule is not changed by the fact that, by agreement, the person for whom the work is being done advances to the contractor pay for his employes and actually pays them, charging the amount paid to the contractor as against the specified contract price. An arrangement of that kind is a circumstance only, to be considered in connection with other circumstances, in determining whether the person employed to do the work is an independent contractor.

In the case at bar appellant was reconstructing a tipple and chute, and, according to the testimony, Doss was employed in framing and rebuilding the structure. He "was putting this lumber up by the thousand board feet," for which he was paid $2.00 a thousand. Some of the work was done at the foot of the hill and it was necessary to drag the timber up the hill, more than one thousand feet. An electrical hoisting engine was used for that purpose. The engine belonged to appellant and was operated by one of its men. To operate the engine it was necessary to keep a man conveniently located to transmit signals from the men at the bottom of the hill to the engineer. The preponderance of the evidence shows that this man was an employee of appellant. It also shows that the wages of the men working on Doss' contract were paid by appellant, and that script was issued on appellant's commissary to them. According to

the testimony of appellee, Armentrout, vice president of the Borderland Coal Company, was on the ground and occasionally gave directions. Doss testified that he did not know whether Armentrout gave any directions or pointed out the way and manner the work should be done; that when he was there he usually saw Armentrout and appellant's engineer on the job; that Mr. Armentrout seemed to be on the job every day and he seemed to be looking it over, both the steel job and the wood-work. It appeared that appellant furnished the material for the work and that Doss was merely putting the lumber up by the thousand board feet. Appellant was furnishing the motor power and admittedly employ-ed the man who operated the hoisting engine. The six or eight men, including this appellee, who it is claimed were employed solely by Doss were paid precisely as appellant's men were paid. There was deducted from their wages their respective shares of the expense of medical services, just as was done in the case of all the men working for appellant at that place. The work that appellee was doing when he was injured was largely con-trolled by men exclusively employed by appellant.

As we appraise these facts and circumstances, there was sufficient evidence for the jury on the question of whether appellee was employed by an independent con-tractor or whether the authority and control exercised by appellant over the work that he was doing, was such as to create the relationship of master and servant. It was, therefore, proper to submit the question of inde-pendent contractor to the jury and there was sufficient evidence to sustain the finding of the jury on that ques-tion.

We are unable to agree with the contention that the proof failed to show any evidence of actionable negli-gence on the part of appellant, resulting in the injuries to appellee. The testimony shows that the timbers were shaped to some extent at the foot of the hill, and were dragged up the hill by the electrical hoisting engine, a distance of 1,000 or 1,500 feet; that it was the duty of appellee and others working with him to follow the timbers up the hill in order to loosen them if they became fastened. The signals for the man operating the engine were transmitted to a boy conveniently located for re-ceiving and transmitting signals. The timbers were about 12x12 and twenty-five feet in length. The rear end

of one of these timbers was lying on some other similar pieces, when the wire rope was attached to it for the purpose of pulling it to the place where the tipple was under construction. The front end of the timber having become caught, the appellee, as was his duty to do, stepped over to unloosen it. The rear end of the timber being notched caught another timber and pulled it around striking appellee on the leg, crushing it and injuring his side. Almost simultaneously with the catching of the timber in the notch of the one to which the chain was attached, signals were given to stop the engine. According to the testimony of appellee and one of the men working with him, the signals were not transmitted promptly. They were not received by the boy, whose duty it was to receive and transmit them, or if received were not promptly transmitted. There is some evidence to show that had they been promptly received and transmitted the appellee's injuries would not have been received. This evidence was sufficient to take the case to the jury on the question of negligence, and while there are some circumstances in evidence, tending to show contributory negligence on the part of appellee, and others from which knowledge of the danger on his part might be inferred, they are not so clear or convincing as to justify the giving of a peremptory instruction on the ground of established negligence on his part, or the other ground of proven knowledge of the dangers of the situation assumed by him in entering into and continuing in the work. These were questions for the jury under proper instructions, as was also the question as to appellant's negligence. It was, therefore, proper to overrule the motion for a peremptory instruction.

It is contended that instruction 1 given to the jury is erroneous, in that it permitted a recovery if the jury believed that the agents or servants in charge of the hoisting engine were careless or negligent and so managed and operated the engine as to cause the timber to be thrown against and injure appellee. It is said that, as the man in charge of the engine said that on receiving the signals to stop he instantly obeyed, there was no evidence on which the instruction could properly be based. We cannot agree with this view. The engine, so far as the work was concerned, was under the control not only of the engineer but also of the man on whose signals it operated, and there was evidence to show that

he was negligent in failing to promptly transmit the signals to stop. The instruction in this respect accords with the negligence alleged and was justified under the evidence introduced.

It is also said that the instruction is erroneous because it permitted the jury to find for the plaintiff, even though the injuries sustained were not the direct result of the negligence complained of. If the instruction were susceptible of that construction the objection would be well taken, but in our opinion it cannot be so construed. It permitted a recovery for such injuries only as resulted from the negligence complained of, which was proper.

Other criticisms of instructions given, and of the rulings of the trial court in refusing those offered, are not meritorious, and we do not deem it necessary to burden this opinion with a discussion of the points raised. It is sufficient to say that the law of the case was correctly and fully stated in the instructions given.

It is finally contended that the verdict of the jury is excessive and for that reason a new trial should be granted. It is useless to include in this opinion a detailed reference to appellee's injuries and the various operations that he underwent, resulting, as he claimed, from those injuries. While there may be some doubt as to whether all of those operations were made necessary by the accident, no evidence was introduced by appellant on that subject and giving to appellee's uncontradicted testimony that consideration to which it is entitled, it cannot be said that the verdict is excessively large.

Perceiving no error in the record, prejudicial to any substantial right of appellant, the judgment must be and is affirmed.