## Burt v. Clay, et al.

### (Decided February 13, 1925.)

Appeal from Jefferson Circuit Court
(Common Pleas, Fourth Division).

1. **Master and Servant—Employer could Not Avoid Payment of Compensation Because Employee at Foreman's Direction Signed Book on Wrong Page.—**Where employer gave foreman book con-

taining printed agreement to accept provisions of Workmen's Compensation Act, under Ky. Stats., section 4957, and foreman signed his name and caused other employees to sign their names on page other than that on which such agreement was printed, employer could not avoid payment of compensation on that ground, since foreman's error was employer's error.

2. Master and Servant—Compensation for Total Blindness where Employee Lost 90 Per Cent. of Vision Held Proper.—Award of compensation for total blindness where injury resulted in loss of 90 per cent. of vision held proper.

3. Master and Servant—Subcontractor's Employee Properly Awarded Compensation Against Subcontractor and Principal Contractor.—Under Ky. Stats., section 4891, subcontractor's employee was properly awarded compensation against both subcontractor and principal contractor.

W. A. PERRY and P. H. SAVAGE for appellant.

S. A. ANDERSON for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

The trial court refused to review the finding made by the Workmen's Compensation Board, by which the appellee, Harry B. Clay, was awarded compensation at the rate of $12.00 per week for a period of one hundred weeks, for the loss of sight of one eye. Appellant H. J. Burt and appellee Jesse Whiting were both defendants before the Workmen's Compensation Board. This award was made against both of them, and Burt has appealed.

This case was heard upon the following stipulated facts:

"It is agreed between the plaintiff and defendant by counsel that the defendant, H. J. Burt, elected to operate and was operating under the provisions of the Workmen's Compensation Act of Kentucky at the time of the injury to plaintiff; that defendant furnished a compensation register with the words 'Standard Employees' Register' on the cover, for the purpose of having his employees sign and elect to operate under said act; that the said register was delivered to defendant's foreman, J. B. Cook, with instructions from defendant to have all his employees sign said register; that the said J. B. Cook first wrote his name and then other employees followed

by writing their names under the said J. B. Cook, and the plaintiff, Harry B. Clay, signed his name in the same manner, all of which signing was on the first page of the said book, which page had no notice or form of agreement as provided by section 74 of the act at the top or on any part of said first page; that the only words appearing on the top of said page and above the signature of said plaintiff and other signers are the words 'register' and 'withdrawal date,' and down on the bottom of said page, beneath the signature, are the following words: 'Witness not necessary unless employee signs by mark, in which event witness should first read above caption to employee and attest his signature;' that it was the intention of both plaintiff and defendant that in signing said page plaintiff was electing to operate under the provisions of said act.

"It is further agreed that defendant contracted with one Jesse Whiting, whose name also appears on said page, to do the plastering on said house at so much per yard and said Whiting employed plaintiff to assist him at said plastering at $6.00 per day and that said plaintiff was not employed by said defendant and defendant had no control over the manner in which said plastering was to be done except to see that the work was done properly and according to contract and defendant had the right to require said Whiting to discharge said plaintiff in case the plaintiff Clay's work was not proper or satisfactory.

"It is further agreed that the written report, or copy thereof, of Dr. Jos. F. Winn, dated 5th day of March, 1923, and January 15, 1923, be made a part of this stipulation.

"It is further agreed that a copy of said register is filed herewith and made a part hereof and marked exhibit X, and that nothing else, or no other signatures or agreements were made or executed by plaintiff prior to the injury of plaintiff, except as shown on the first page of said register."

The written report of Dr. Wynn referred to in this stipulation is:

"I have today examined Harry Clay's eyes and find his vision in the injured one to be 20/200, which is considered industrial blindness. This has re-

sulted from a burn of the eyeball by unslaked lime on October 9, 1922, and he has been under my care since October 19, 1922. This burn has caused a corneal opacity, and an adhesion between the lid and the eyeball, extending down over the tissue from the cornea and the (to) free the lid from the eyeball will improve his vision to a considerable extent, although of course the exact amount would be impossible to state.''

The doctor's report of January 15, 1923, is practically the same as the above.

Appellant's foreman was J. B. Cook, and into Cook's hands appellant placed the compensation register and directed Cook to sign it and have the other employees sign it. Cook made a mistake, and instead of signing the register on page 2 he signed on page 1. There was printed on page 2 the agreement which the employee is required to sign by section 4957 of the statutes. No such agreement was printed on page 1. By placing this book in the hands of Cook, with directions that the employees be required to sign it, appellant made Cook his agent for that purpose. Cook made an error. He signed on the wrong page himself and caused the other employees to sign on the wrong page, for it appears that they signed at his direction. Cook's error was appellant's error, and if Cook did wrong in having these employees sign where they did Burt cannot now take advantage of that wrong. It is, therefore, held that by signing as he did, the appellee Clay elected to accept the provisions of the Workmen's Compensation Act. It is stipulated that the sight in Clay's injured eye is not entirely destroyed, and that he still has 10% vision in that eye, but the effect of the loss of 90% of the vision of that eye was a fact which was submitted to the Workmen's Compensation Board, and that board found that that amounted to industrial blindness, and allowed for total loss of the eye. That finding is now approved.

By section 4891 of the statutes, Burt, the principal contractor, is made liable for an injury sustained by an employee of a subcontractor, who in this case is Whiting, to the same extent as the immediate or subcontractor. The board's action in making this award against both Whiting and Burt is approved.

Section 4891 of the statutes provides that:

"Any principal, intermediate or subcontractor who shall pay compensation under the foregoing provision may recover the amount paid from any subordinate contractor through whom he may have been rendered liable under this section."

As between Burt and Whiting, however, there is no question now before us. The trial court by its judgment approved the finding and award of the Workmen's Compensation Board, and that judgment is now affirmed by the whole court.