## Dempster Construction Company v. Tackett.

(Decided June 25, 1926.)

### Appeal from Johnson Circuit Court.

Master and Servant—Subcontractors in Charge of Road Construction, and Having Control of Work, Held "Independent Contractors," for Whose Negligence Contractor was Not Liable.—Where subcontractors were in charge of road construction and conducting it and neither contractor nor its agent had any control over work and exercised no supervision except occasional inspection, held that subcontractors were "independent contractors," for whose negligence contractor was not liable.

HARMON, FRANCIS & HOBSON and KIRK, KIRK & WELLS for appellant.

F. P. BLAIR and J. L. HARRINGTON for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Reversing.

The appellee, as plaintiff, filed her action in damages against appellant, alleging, in substance, that she lived on the road between Paintsville, Ky., and Salyersville, Ky., and that her home was only a short distance from that road, and that on the 10th of August, 1923, while the defendant was engaged in grading and constructing that road near to her house it negligently and carelessly caused to be exploded near plaintiff's house a large quantity of dynamite, powder or other explosives without warning to the plaintiff, whereby she was jarred, shocked and her nerves injured, and from which injury she had suffered great pain and mental anguish, and that her power to labor and earn money had been permanently destroyed.

The answer is in three paragraphs. In the first the material allegations of the petition are denied; in the second there is a plea of contributory negligence, and the third pleads affirmatively that defendant had in the month of August, 1922, entered into a contract with the State Highway Commission of Kentucky for the grading and draining of a part of the road from Paintsville to Salyersville, about 9 3/10 miles in length; but that thereafter defendant had entered into a contract with Trimble and Walters, dated February 5th, 1923, whereby they had sublet to that firm, under a separate contract, the said 9 3/10 miles of road, and a copy of the contract so made between the parties is filed with the answer. That the said subcontractors Trimble and Walters entered upon the construction, grading and draining of the road, and that this defendant had nothing to do with the details or supervision of the work which Trimble and Walters were to do under their said contract, except to see that the work was done in compliance with the plans and specifications required in the contract made by defendant with the Highway Commission of Kentucky; that Trimble and Walters used their own judgment as to who they should employ and the number of men they should employ, and had the exclusive right to employ and discharge any and all persons in the performance of said contract, and had the right to do and perform said work of constructing the road in any manner they desired if the work when completed was done and performed according to the plans and specifications furnished by the State Highway Commission, which plans and specifications were furnished to Trimble and Walters by defendant at the time they entered into the contract. That defendant had no control or management over said work, and no right to employ or discharge any person employed by Trimble and Walters, and did not employ any such and did not in any way control said work, and had no supervision over the same except to see that the work was performed according to the plans and specifications so furnished. Defendant, therefore, says that at the time plaintiff was injured this defendant was not constructing the road, but the work was being wholly performed by the said subcontractors, by and through their employees, employed and directed by the said Trimble and Walters; and that this defendant was in no way connected with the work being performed at the time, or the manner of its

doing, and had no connection with the same except to see that it was done according to the plans and specifications.

After the issues were made up a trial was had which resulted in a verdict and judgment for the plaintiff for $1,500.00, and on this appeal the only question necessary to determine is whether defendant was entitled to a directed verdict.

The contract between appellant and the subcontractors shows that appellant entered into a contract in August, 1922, with the State Highway Commission for the grading and draining of this section of road, and that appellant later had sublet to Trimble and Walters the same, who were to do the work and furnish the materials under the provisions of appellant's contract with the Highway Commission, and according to the plans and specifications so furnished by that commission, which are made a part of the contract; the subcontractors agreed to do and perform all the work under those specifications and in accordance with the instructions of the engineers of the highway department, and to complete the same in accordance with appellant's contract with the Highway Commission and to the satisfaction of the engineers of that department, and to prosecute the work as directed by the engineer in chage of the work in conformity with the progress sheet furnished by the State Highway Commission. The basis of consideration to be received by Trimble and Walters is a percentage of the contract price to be received and paid to appellant under its contract with the Highway Commission.

All the evidence in the record shows that Trimble and Walters were in charge of the work and conducting it at the time of the explosion complained of by the plaintiff, and that appellant nor its officers and agents had any control whatsoever over the work or the manner of its doing, and exercised no supervision over it except an occasional inspection to see that its contract with the Highway Commission was being carried out.

That such contractor is an independent contractor has been recently distinctly held by this court in the case of Diamond Block Coal Co. v. Sparks, 209 Ky. 73. In that case Sparks entered into a contract with the coal company to rebuild a footbridge across the Kentucky river. Sparks, while the work was going on, furnished to the coal company the time of his assistants whom he had employed and directed, and whom alone he had the right to

discharge, and while the coal company permitted these assistants to draw from its commissary merchandise on their time, the same was charged to Sparks. The coal company's agent directed Sparks when the contract was made how he wanted the work done, and observed the work from time to time to determine whether it was being done according to directions; but the company had no control over the hours he would work, when he should start or stop, nor any right or authority to discharge him from the work without cause, and under these circumstances the court held he was an independent contractor and not an employee. It likewise ruled that where one contracts to do a certain piece of work according to his own ideas or in accordance with certain plans and specifications previously furnished him by the employer, and who has the right to select and employ his own assistants free from the control of his employer, and where the employer has no right to direct the manner of doing the work further than to require that it shall be done in compliance with the plans and specifications, and where the one employed is only answerable to his employer for the final result of the work, he is an independent contractor.

In other words the mere right to inspect, and require, after inspection, the work to be finished according to the requirements of the contract itself, does not change the relationship between the parties into that of merely employer and employee. In this case appellant had undertaken to do this work in accordance with the plans and specifications of the Highway Commission and under the supervision and direction of the engineers of the highway department, and it was liable to that commission for any failure upon the part of its subcontractor to so construct and complete the work. Clearly, therefore, while it had no control over the selection of the employees of Trimble and Walters, and while it had no power to discharge them and had no authority to control the means by which the work was done or the manner in which it was conducted, it did have the authority to inspect it and make suggestions to the end that it might escape liability on its obligation to the Highway Commission. The very fact that Trimble and Walters undertook in their contract to comply with the terms of appellant's contract with the Highway Commission, and to construct the work under the supervision and direction of the highway engineers as appellant had agreed to do, shows appellant's

interest in the result of their work, but does not show that it had any such control or supervision over it as to change its relationship with Trimble and Walters from that of contractor and subcontractor to that of employer and employee.

The case cited and the authorities relied upon therein are conclusive of this, and we have no hesitancy in saying that under all the evidence Trimble and Walters had control of this work, and were independent contractors; and this being true appellant was not liable to the plaintiff, and the directed verdict should have been given.

No other question is passed upon.

The judgment is reversed, with directions to grant appellant a new trial, and for further proceedings consistent herewith.