## H. H. Miller Const. Co. v. Collins.

(Decided June 15, 1937.)

J. B. SNYDER and KASH C. WILLIAMS for appellant.

ZEB A. STEWART for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

H. H. Miller Construction Company appeals from a $900 judgment for injury to real estate alleged to have been caused by the diversion of water resulting from the construction of a highway.

Appellee owns about one and one-half acres of land in Harlan county on the south bank of Poor Fork river. The State Highway Department contracted with appellant to construct the highway on the north bank of the river. Appellant sublet the work to Gilliam & Cooper. Opposite appellee's land was a ledge of rock about 30 feet high. In order to construct the highway it was necessary to remove the rock. According to the evidence for appellee, many tons of rock blasted from the bluff were thrown into the river beyond the right of way line, and the natural flow of the river was so obstructed that a new channel was formed and a considerable portion of appellee's land was washed away and destroyed.

Damages were sought both against appellant, the contractor, and Harlan county. The county went out on a peremptory, and appellee not having appealed or prosecuted a cross appeal, the propriety of the court's action is not before us for review. In addition to a general denial, appellant pleaded in substance that it sublet the contract to Gilliam & Cooper, who were independent contractors

One of the grounds urged for reversal is that the court should have held as a matter of law that Gilliam & Cooper were independent contractors, and have awarded appellant a peremptory instruction. Appellee insists that the doctrine of independent contractor does not apply to a case arising under section 242 of the Constitution. But it must not be overlooked that we are not dealing with the liability of the county, but only with the liability of the contractor. The law governing the liability of the contractor in a case of this kind may be summarized as follows: A contractor constructing a highway without negligence under the plans of the

Highway Commission is not liable for damages resulting from the obstruction of the stream on the right of way, but he is liable for negligence in the performance of the contract or without negligence where the material blasted in the work of construction is cast beyond the right of way. Combs v. Codell Const. Co., 244 Ky. 772, 52 S. W. (2d) 719. However appellant, the contractor, is not liable for the acts of Gilliam & Cooper, if, as a matter of fact, they were independent contractors. But appellee insists that appellant's evidence on the question was very unsatisfactory—so much so as to make the question one for the jury. In this connection it is pointed out that a motion was made to have the contract between appellant and Gilliam & Cooper filed, and that the motion was sustained, but that the order of the court was never complied with. Attention is also called to the fact that H. H. Miller, the president of the company, stated that he had never hunted for the contract, and did not know where it was; that they hunted for it at first, but never could find it. Counsel for appellee also emphasizes the fact that the original contract was for about $184,000, and that the Miller Construction Company received about $6,000 or $7,000 under the contract, and that under the original contract the work was to be done under the direct supervision and to the complete satisfaction of the State Highway Commission. Notwithstanding these facts we find that the work was done by Gilliam & Cooper, and that H. H. Miller, appellant's president, testified that they either had to buy some new machinery or sublet a part of the work, so they sublet the grade and drain end of it to Gilliam & Cooper, who agreed to construct the road according to the highway engineer's orders and specifications. After the work was sublet, his company had nothing to do with it, except to pay the estimates each month. It had no control over the way or manner in which the work was to be done. Gilliam & Cooper bought their own machinery and material, and hired and fired their own men. W. E. Davis, former treasurer of Gilliam & Co., testified that H. H. Miller Construction Company had nothing to do with the hiring and firing of employees of Gilliam & Co. He also testified that Gilliam & Cooper was a corporation. The rule is that, if a contractor furnishes his own assistants, and executes the work either entirely according to his own ideas, or in accordance with plans previously given to him by the person for whom the work

is being done, without being subject to the orders of the latter in respect to the details of the work, he will be regarded as an independent contractor. Ballard & Ballard Co. v. Lee's Adm'r, 131 Ky. 412, 115 S. W. 732. The rule is not confined to the original contractor, but applies also to a subcontractor. Thus in Dempster Const. Co. v. Tackett, 215 Ky. 461, 285 S. W. 191, it was held that, where a subcontractor was in charge of construction work, and was constructing it independently of the contractor, and neither the contractor nor his agent exercised any control over the work except occasional inspection to see that it was being done according to plans and specifications, such subcontractor was an independent contractor. The same rule was applied in the more recent case of Eastern Const. Co. v. Back, 237 Ky. 505, 35 S. W. (2d) 859, where it was held that a subcontractor contracting to build a culvert at a fixed price, and employing and paying its own laborers, was an independent contractor. In view of these decisions there is no escape from the conclusion that Gilliam & Cooper were independent contractors. The entire work was sublet to them. They furnish their own machinery and own assistants. They hired and discharged their own men. Appellant neither retained nor exercised any control over the manner of doing the work, and the relationship of the parties was in no sense affected by the fact that the work was to be done in accordance with the plans and specifications, and under the direct supervision and to the complete satisfaction of the State Highway Commission. It follows that appellant was entitled to a peremptory instruction.

The foregoing conclusion makes it apparent that appellee is not entitled to have her motion to affirm as a delay case sustained.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.