## Ruth Bros. v. Roberts et al.

(Decided Oct. 26, 1937.)

V. C. McDONALD for appellants.

CHARLES L. SEALE for appellees.

Opinion of the Court by Judge Clay—Affirming.

The appeal is from a judgment affirming an award of the Compensation Board.

Hiram Roberts died as the result of an accident growing out of and in the course of his employment, and compensation was awarded his widow, Rosie Roberts. Payment was resisted on the ground that Roberts was not in the employ of appellants, but was the employee of Robert M. Zando, an independent subcontractor.

> Section 4891, Kentucky Statutes, reads as follows: "A principal contractor, intermediate or sub-contractor shall be liable for compensation to any employee injured while in the employ of any one of his intermediate or sub-contractors and engaged upon the subject matter of the contract, to the same extent as the immediate employer. Any principal, intermediate or sub-contractor who shall pay compensation under the foregoing provision may recover the amount paid from any subordinate contractor through whom he may have been rendered liable under this section. Every claim to compensation under this section shall in the first instance be presented to and instituted against the immediate employer, but such proceedings shall not constitute a waiver of the employee's rights to recover compensation under this act from the principal or intermediate contractor; provided, that the collection of full compensation from one employer shall bar recovery by the employee against any others; nor shall he collect from all a total compensation in excess of the amount for which his immediate employer is liable. This section shall apply only in cases where the injury occurred on, in or about the premises on which the principal contractor has undertaken to execute work or which are under his control otherwise or management."

Under the statute the doctrine of independent contractor no longer applies as between a principal contractor and the employees of the subcontractor, provided the claim is in the first instance presented to and instituted against the immediate employer, or against the immediate employer and the principal contractor. Burt v. Clay, 207 Ky. 278, 269 S. W. 322. As this was not done by the claimant, her right to compensation

turns on whether her husband, Hiram Roberts, was an employee of Ruth Brothers, or of an independent subcontractor. The Workmen's Compensation Board found that Zando was not an independent subcontractor and that Roberts was an employee of Ruth Brothers. The question before us is whether that finding is sustained by any evidence of probative value. Black Mountain Corporation v. Strunk, 263 Ky. 234, 92 S. W. (2d) 66. The record discloses the following situation: In the year 1935 appellants, Ruth Brothers, contracted with the State Highway Department to construct a portion of the Booneville-Manchester highway in Owsley county. Thereafter they entered into a contract with Robert M. Zando whereby Zando agreed to do certain masonry work at certain unit prices per cubic yard. Ruth Brothers agreed to furnish the sand and cement necessary for the work, with the exception of the stone paving. Zando agreed to comply "with all labor specifications of the Kentucky State Highway Department," and "to bear his proportionate part of the compensation insurance and bonding cost." Zando agreed to perform "in a thorough, workmanlike manner to the satisfaction of the party of the first part all and everything called for in the specifications for items as follows:

Approximately:

| | |
|---|---|
| Structure Excav. | 1400 Cu yd 80c |
| First C. Masonry | 319.79 cu yd 7.00 |
| Culvert Masonry | 601.60 cu yd 6.00 |
| Stone Paving | 281.60 sq yd 1.50." |

Appellant's superintendent was T. H. Jones. Under their arrangement with the State Highway Department appellants made request on the Federal Government Employment Agency at Booneville for the employees on the job. Each of the employees was furnished a card which he presented to Superintendent Jones, who assigned them to work. They were paid by Ruth Brothers. According to C. J. Roberts, who worked with Hiram Roberts, and did the same kind of work, Mr. Jones called him, took him out on the job, and put him to work. Mr. John Ruth, of Ruth Brothers, after testifying that Robert Zando put in some masonry and drains at a unit price for each item, and that they took care of his pay roll, testified as follows:

"Did Mr. Zando employ his men and select his men? No, they were furnished to us and turned over to him.

"They were sent to you by the employment authorities under some government project and you would refer them to Mr. Zando? Yes, our men turned them over to him.

"And if he needed them he would employ them? Yes.

"Did you pay the men by check or cash? By check.

"And the amount paid was charged against Mr. Zando's estimate of work? Yes."

Cross-examination by Mr. Seale for plaintiff:

"Then, if I understand you, Mr. Ruth, all of that work was done through Ruth Brothers? Yes.

"Who was superintendent on that job? T. H. Jones.

"Was he superintendent of the work Zando was doing also? Yes, in a way. He laid out the structures he wanted built.

"Did he also inspect work as it was being done and after it was done? I guess so. The engineer made the inspection. He seen the work as it progressed.

"These employees when they were furnished to you by the re-employment office were given a card? Yes.

"To whom did they present that card? To Mr. Jones.

"And he assigned them to work? Yes.

"By whom were they paid? Ruth Brothers.

"Was Hiram Roberts one of those men? Yes, he was.

"Did he report to your superintendent, Mr. Jones, for duty? Yes.

"By whom was he paid? Ruth Brothers. * * *

"Did Mr. Zando have a compensation register? That I don't know because it was left up entirely to Mr. Jones.

"Anyway you or your firm did keep a compensation register and all the employees on that job signed that register and were paid by Ruth Brothers? That is right.

"And were answerable to Ruth Brothers? Yes, that is right.

"As a part of your contract between your firm and Zando all of that work was to be done through the firm of Ruth Brothers? Yes, so far as men, payroll and material was concerned. * * *

"Your Mr. Jones, who was in charge of the work as superintendent simply directed Mr. Zando according to specifications and checked to see if it had been performed according to specifications? Yes, that is right."

The accident was reported to the Workmen's Compensation Board by Ruth Brothers, and in their report Roberts was referred to as their employee.

An independent contractor is one who contracts to do a specific piece of work, furnishes his own assistants, and executes the work either entirely in accordance with his own ideas, or in accordance with plans previously given to him by the person for whom the work was done, without being subject to the orders of the latter, in respect to the details of the work. Borderland Coal Company v. Burchett, 193 Ky. 602, 237 S. W. 663; Smith v. Howard, 201 Ky. 249, 256 S. W. 402. It is sometimes said that an independent contractor is one who is doing his own work in his own way. Bowen v. Gradison Construction Company, 236 Ky. 270, 32 S. W. (2d) 1014. Of course the fact that Zando was paid by the unit and his employees were paid by Ruth Brothers, and payment was charged against the contract price, is not decisive of the question. The written contract itself is not so explicit as to make Zando an independent contractor. Nor is there anything in the evidence of Mr. Ruth tending to show that Ruth Brothers exercised no control over the manner of doing the work. Not only did they pay the employees of Zando, but his employees reported to Jones, the superintendent, and he assigned them to work under Zando. It is true that in answer to some leading questions Mr. Ruth stated that the men were turned over to Zando, and if he needed them he would employ them, and further that Mr. Jones simply directed Mr. Zando according to the specifications and checked to see if the work had been performed according to specifications. However, he did say that Mr. Zando did not employ and select his men, but they were furnished by them and turned over to him. Not only so, but Mr. Ruth admitted that, so far as the men, pay roll and material were concerned, all the work under the contract between his firm and Zando was to be done

through his firm. In short, appellants not only paid, but furnished Zando the employees and material necessary for the work. Where one is employed, assigned to work, and paid by a person, it is but a fair conclusion that he is an employee of that person. Certainly it cannot be said that the finding of the board is without substantial evidence to support it.

The further point is made that the sum allowed was too high, and should have been based on an eight-hour day instead of a ten-hour day. It is true that there was some conflict in the evidence, but the board based its finding on the evidence of Mr. Ruth that Roberts' wages were 30 cents an hour and he was working 10 hours a day, which, of course, was sufficient to support the award.

Judgment affirmed.