**BLEVINS & MONTGOMERY BUILDERS, INC., Appellant,**

v.

**Leslie W. GREGORY et al., Appellees.**

Court of Appeals of Kentucky.

June 21, 1963.

Rehearing Denied Nov. 1, 1963.

Hamm, Taylor & Milby, London, for appellant.

William E. Allender, Bowling Green, George R. Smith, L. T. Grant, Lexington, John C. Fogle, Mt. Sterling, Boehl, Stopher, Graves & Deindoerfer, Lexington, for appellees.

J. L. HAYS, Special Commissioner.

This is an appeal from the judgment of the Fayette Circuit Court affirming an award of the Workmen's Compensation Board.

Appellant, Blevins and Montgomery Builders, Inc., is the principal contractor. Appellee, Reese L. Litten, is the subcontractor, and appellee, Leslie W. Gregory, is the injured employee of Litten.

The accident out of which this litigation arises occurred on May 7, 1958, and resulted in the loss of the left eye of Gregory who filed a claim for compensation benefits jointly against Litten, his employer as subcontractor, and George B. Montgomery and Malcolm Blevins, d/b/a Montgomery and Blevins, as principal contractor. It was adjudged by the Board that Gregory recover maximum benefits from Litten and that, in the event full recovery could not be obtained from him, appellant would be liable for any unpaid balance.

From this judgment Blevins and Montgomery Builders, Inc., is the only party who has filed an appeal. Consequently, the only question involved on this appeal is whether or not Gregory can recover from the appellant in the event that he cannot collect from Litten.

Appellant contends that it is not liable to Gregory because under KRS 342.-060 the claim should have first been filed against the immediate employer only, and that upon Gregory's failure to do so the claim against it should have been dismissed. To support its contention reference is made to that portion of KRS 342.060 which reads:

"A principal contractor, intermediate or subcontractor shall be liable for compensation to any employe injured while in the employ of any one of his intermediate or subcontractors and engaged upon the subject matter of the contract, to the same extent as the immediate employer. Any principal, intermediate or subcontractor who pays such compensation may recover the amount paid from any subordinate contractor through whom he has been rendered liable under this section. Every claim to compensation under this section shall in the first instance be presented

to and instituted against the immediate employer, but such proceedings shall not constitute a waiver of the employe's rights to recover compensation under this chapter from the principal or intermediate contractor. * * *"

The appellant also cites as authority for its contention McEvilly v. L. E. Myers Co., 211 Ky. 31, 276 S.W. 1068, but a careful study of that case shows that the facts and issues involved are entirely different from those in the instant one. In fact that case could be cited with considerable import for appellees. Whatever application it may have to the instant case, we are thoroughly convinced that the right of the injured person to file a claim against both the subcontractor and the principal contractor was settled by this Court in Burt v. Clay, 207 Ky. 278, 269 S.W. 322, wherein it was stated as follows:

"The trial court refused to review the finding made by the Workmen's Compensation Board, by which the appellee, Harry B. Clay, was awarded compensation at the rate of $12 per week for a period of 100 weeks, for the loss of sight of one eye. Appellant H. J. Burt and appellee Jesse Whiting were both defendants before the Workmen's Compensation Board. This award was made against both of them, and Burt has appealed."

"By section 4891 (342.060) of the Statutes, Burt, the principal contractor, is made liable for an injury sustained by an employee of a subcontractor, who in this case is Whiting, to the same extent as the immediate, or subcontractor. The Board's action in making this award against both Whiting and Burt is approved."

This case is cited with approval in Ruth Brothers v. Roberts, 270 Ky. 339, 109 S.W. 2d 800.

Appellant's second contention is that the claim against it should be dismissed because of misdesignation and delay in sustaining motion to correct such misdesignation.

The application for adjustment of the claim originally named the principal contractor as George B. Montgomery and Malcolm Blevins, d/b/a Montgomery and Blevins, but was later, by amendment, changed to Blevins and Montgomery Builders, Inc. The proof clearly shows that George B. Montgomery was president of the principal contractor; that Malcolm Blevins was vice president; that Montgomery's wife was secretary-treasurer; that all the stock was held by Montgomery and Blevins and their wives; that they were not associated in any business ventures other than the corporation, Blevins and Montgomery Builders, Inc.; that when they filed Form No. 1, election to operate under the Act, it was filed with the Board at least a year prior to Gregory's injury and conforms in every respect to the statutory requirements for acceptance of the Act; that they intended to subject the corporate operation to the Act when Form No. 1 was executed and filed. The facts were sufficient to support the finding of the Board that appellant was operating under the Act.

The appellant and its insurance carrier were duly notified by the Board of the nature and pendency of the claim and it further appears that the appellant took steps to defend. Under these conditions we are convinced that there is no merit to appellant's contention that the misdesignation was fatal to the application. George H. Rommel Co., Inc. v. Greenwell, Ky., 273 S.W.2d 46.

It is our opinion that the judgment should be affirmed.

The opinion is approved by the Court and the judgment is affirmed.