**Daniel B. KIBBEY, Appellant,**

v.

**GENERAL AMERICAN TRANSPORTA-TION CORPORATION et al., Appellee.**

Court of Appeals of Kentucky.

June 10, 1966.

Rinehart S. Shepherd, Greenup, Eldon L. Webb, Ashland, for appellant.

G. B. Johnson, Jr., Dysard, Johnson & Welch, Ashland, for General American Transp. Corp., for appellee.

CLAY, Commissioner.

In this workmen's compensation case the appellant employee was awarded compensation for the total and permanent loss of the sight of an eye under KRS 342.105.

The award was confirmed on appeal to the circuit court. Appellant contends he was entitled to total and permanent disability benefits under KRS 342.095.

On July 17, 1963, a welding arc flash burn seriously injured appellant's right eye. He and his employer entered into an agreement, approved by the Board, which provided for maximum compensation payments for total temporary disability. The estimated time was 10 weeks. When appellant returned to work his employer discontinued compensation payments. Appellant then applied to the Board to reopen the case and the parties stipulated the only issue was the degree of permanent disability.

The expert witnesses testified in substance that appellant was industrially blind in his right eye. One doctor testified that his loss of vision should be considered 100 percent. There was evidence that appellee retained some vision in that eye.

Appellant's contention is that if he could see anything out of the injured eye, the Board could not find "the total and permanent loss of the sight of an eye" under KRS 342.105(20). This claim is made because if this section of the statutes does not apply he would be entitled to a better award under KRS 342.095.

We do not see how the Board could have made any other finding under the evidence than that of total and permanent loss of the sight of an eye within the obvious purpose and intent of KRS 342.105(20). Industrial blindness, from a common sense standpoint and as recognized in our cases, constitutes "total" loss of vision for compensation purposes. See Burt v. Clay, 207 Ky. 278, 269 S.W. 322; Black Starr Coal Corp. v. Reeder, 278 Ky. 532, 128 S.W.2d 905; Shuman Co. v. May, Ky., 327 S.W.2d 14. Since the loss of sight was appellant's degree of disability, KRS 342.105(20) governs the award.

Appellant contends that the agreed award somehow gave him a right to total and permanent disability benefits under KRS 342.095, but of course that agreement became inoperative after the case was reopened and a new award made by the Board.

The judgment is affirmed.