## Bellamy v. The F. A. Ames Co., et al.

(Decided Sept. 29, 1910.)

### Appeal from Daviess Circuit Court.

1. Independent Contractor—Employing Laborers—Injury to Laborer—Liability of Contractor.—A. R. Jacks was a contractor in constructing a large two-story brick building and employed appellant as a hod carrier thereon. The weather was cold and the mortar had frozen and thawed, and ice was on some of the bricks. While delivering a hod full of brick on the scaffold near the top of the wall, the wall began to fall. Appellant thought it was the scaffold that was falling and in his fright jumped on the wall which fell, injuring him. In his action against the owner of the building for damages the court peremptorily instructed the jury to find for defendants. Held, that Jacks was an independant contractor, and that the owner's presence and acts did not amount to its assuming control of the work, nor alter the law relating to an owner's nonliability for the negligence of an independent contractor in the manner of doing the work he had been employed to do.

2. Proper Plans—Erroneous Construction of Them—Responsibility of Owner of Building.—If the contractor does the work under plans which are in themselves proper, but errs in his construction of them, or in their execution, he is nevertheless an independent contractor for whose error, which may be negligence, or to his laborers, the owner is not responsible.

LAVEGA CLEMENTS, BEN D. RINGO and FOREST A. ROBY, for appellant.

E. B. ANDERSON and CLARENCE M. FINN for appellee.

OPINION OF THE COURT BY JUDGE O'REAR—Affirming.

The Carriage Wood-stock Company, contemplating the erection of a large two-story brick building near Owensboro, employed a competent architect to prepare plans and specifications of the building, and let the work, that is the brick work, by written contract to A. R. Jacks. Jacks employed the labor in doing the work, under his contract. He agreed to work a given number of hands at all times, or as many as could be, so as to complete the building as soon as possible, to put up the walls according to the plans and specifications which had been furnished by the architect, and was to receive $5.00 per thousand brick, kiln count, for the work. He began the work in the fall of the year, but owing to weather conditions was so delayed that the work was in progress throughout the winter. In order to finish the job as soon as possible he utilized every day or part of day when the weather was suitable to permit the men to work. Among his laborers was Mose Bellamy, the appellant. One of the walls of the building was some 80 feet long, and about 35 feet high. The plans provided for a floor for the second story to rest on joists and girders of extra weight and size. The wall was thirteen inches thick for the first story and nine inches thence to the top, with pilasters 18 inches thick at intervals. The second story was to have been about fourteen feet high. At the top of that story were to have been the joists supporting the ceiling, and tying the walls. Instead of putting on the joists when the wall of the second story had been built, at the proper height for them, Jacks ran the wall on up about six feet, the additional height constituting a fire wall. The specifications provided that the carpenters were to do the wood work as soon as the brick work was ready for it, but the brick contractor was to have the control in determining when the wood work should be placed in or on the walls. At the proper time for putting in the joists for the second floor, Jacks told the carpenters that he would carry the wall on up before turning it over to them. The weather had been freezing. The mortar had frozen and thawed. Some of the brick had ice and snow on them. Under these conditions Jacks was carrying on the work of building the wall. Appellant was employed as one of his hod-carriers. While delivering a hodful of brick on the scaffold near the top

of the wall, the wall began to fall. Appellant thought that it was the scaffold that was falling, and in his fright jumped on the wall, which, or part of it, fell, carrying him down with it, severely injuring him. In this suit by appellant against the Carriage Wood-stock Company for damages, upon conclusion of the evidence, which showed the foregoing facts, the court peremptorily instructed the jury to find for the defendants. From the judgment based upon that verdict this appeal is prosecuted.

Appellant urges two grounds for reversal. One, that the owner of the building retained such control over the work being done by Jacks that it sustained the relation of master to appellant, and for the negligence of Jacks in doing the work, whether that negligence was in putting in ice-covered brick with rotten mortar, or in failing to let the carpenters put in the joists so as to tie the wall to the wall on the opposite side, thereby steadying it, the owner is liable to the workmen although they were employed by Jacks. The other ground is, if it be decided that Jacks was an independent contractor, for whose negligence the owner was not liable, still the owner owed all the workmen on the building the duty to see that the plan of doing the work was not so defective as to endanger their safety; and as the owner admittedly failed to prop or tie the walls at the proper time and place to make it safe for the workmen, such owner is liable for the damages flowing directly from its negligent act. In considering the first ground asserted, it is needful to note somewhat more of the facts disclosed by the evidence. The president and the superintendent of the owner corporation were frequently, say almost daily, upon or about the building, watching its progress and the character of the work. The laborers, including those employed by Jacks, were paid by the company's checks direct, Jacks keeping or reporting their time for that purpose. The carpenters and contractors of the other parts of the building were employed by the owner by the day. The owner furnished all material for the building. The president and superintendent testified that their presence and inspection were due to the fact that the company was having done by its own laborers certain parts of the work, which they were looking after in a general way, but in no case interfering with or directing the brick work being done by Jacks and his workmen; that the men were paid by

the company  on the account and at the instance of
Jacks, as well as because they would have had a laborers
lien on the building under the statute, it was a certain
way to obviate a complication from that source.   Upon
these facts  we hold that Jacks was an  independent
contractor, and that the owner's presence and acts de-
tailed did not under the  circumstances amount to its
assuming control of the work, nor alter the law relating
to an owner's non-liability for the negligence of the
independent contractor in the manner of doing the work
which he had been employed to do.   The plans. were
prepared by an experienced and capable architect, and
were not shown to be defective; and had the specifica-
tions been adhered to by the contractor, and due care
exercised by him in their execution, there is no reason
to suspect that the wall would have fallen.   Also, Jacks
was an experienced brick mason, and was competent
to execute such a piece of work.

As to the second ground, it may be conceded that if
the owner under the contract was to brace the wall by
joists when the work had sufficiently progressed to ad-
mit of it, or, if the general plan which it had provided
for doing the work of building the wall was such as to
make the wall insecure to workmen upon and about
it, such owner would be answerable to any one injured
in consequence of its failure to do either of the things
mentioned, still, the contract expressly provides that
the brick contractor was to determine when the framing
(the specifications so provide and are part of the con-
tract) was to be placed.   That was not an unsafe plan
in itself.   Any error of judgment, or lack of exercise
of judgment by contractor Jacks as to when the wood
work was to be done upon the wall, was in execution of
his own plan of doing his own work, to-wit: the building
of the brick wall.   The owner had not the control. in
any sense of how Jacks should determine the matter
when to call for the wood work.   Had Jacks called for
it, and had the owner then failed to comply by furnishing
it, a different question, the very one relied on by ap-
pellant, would have been presented.   But he did not.
On the contrary, he said he was not ready for it.   The
case comes within the rule announced in Ballard v. Lee,
115 S. W. 732, when the court used this language:

"If the contractor furnishes his own assistance, and
executed the work, either entirely according to his own
ideas, or in accordance to the plans previously given

to him by the person for whom the work is to be done, without being subject to the order of the latter in respect to the details of the work, the person engaged to do the work will be regarded as an independent contractor, and the laborers he employs will be his servants and not the servants of the owner of the property."

And, we will add, if the contractor does the work under plans which are in themselves proper, but errs in his construction of them or in their execution, he is nevertheless an independent contractor, for whose error, which may be negligence of or to his laborers, the owner is not responsible. It is not certain from the proof whether the wall fell as a result of the failure to tie it by placing in the joists at the top of the second story, or because of the use of the ice-covered bricks and unfit mortar in the portion that fell, or because of the two together. But whichever it may have been, the negligence was that of contractor Jacks in a matter concerning the details of how he should execute the work. The ingredients furnished him by the owner to make the mortar were unexceptional. The mortar froze after Jacks had made it up. The bricks became snow-coated and ice-covered after their delivery to him. The time for putting in the joists was subject entirely to his judgment. Appellant must therefore look alone to his own employer and master for recompense for the latter's negligence.

Judgment affirmed.