## Lexington & Eastern Railway Company v. Baker.

(Decided December 16, 1913).

### Appeal from Perry Circuit Court.

1. Damages—Injury to Property—Evidence of Title—Sufficiency.— Evidence of plaintiff that he was the owner of property injured, when received without objection, is sufficient proof of title to maintain an action for damages caused by blasting.

2. Damages—Injury to House and Barn—Evidence—Blasting.—In an action for damages for injuries to house and barn, caused by blasting, it is improper to permit plaintiff and his witnesses to state in general terms that he has been damaged in a certain sum; the witnesses should set out the injuries to the property and state what sum is necessary to restore the buildings to the condition they were in prior to the injury.

3. Damages—Measure of Damages—Injury to Real Property.— Where a house and barn are injured by blasting, the measure of damages is a sum sufficient to restore the property to the condition it was in prior to its injury, and such further sum as will compensate the owner for the diminution in the value of the use of the property during the continuance of the injury.

4. Explosives—Injuries from Blasting.—Where blasting operations result in a direct trespass on the premises injured by causing soil and rocks to be thrown thereon, the liability of the company causing the injury is absolute, and it must respond in damages irrespective of the question of negligence or want of skill.

5. Master and Servant—Independent Contractor—Natural Consequences of Work—Liability of Master.—Where blasting is necessary, and the natural and probable result thereof is to injure the property of another, the contractee cannot escape liability by having the work done by an independent contractor.

WOOTTON & MORGAN and S. M. WILSON for appellant.

MILLER & WHEELER and H. C. FAULKNER for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

On the east bank of the North Fork of the Kentucky River in the town of Hazard, Kentucky, R. C. Baker owned a lot upon which were located a house and barn. During the years 1910 and 1911 the Lexington & Eastern Railway Company was engaged in constructing its road along the west bank of the river. At a point only a little over 200 feet from Baker's residence there was a cliff of solid rock. In reducing the grade and constructing the roadbed, they used dynamite and other explosives and threw large quantities of rock on Baker's residence and barn. Baker brought this action against the railroad company, Jones, Davis & Company, R. E. Mason and John Hurst, contractors, to recover damages in the sum of $650. The jury found for Mason and Hurst and returned a verdict against the railroad company and Jones, Davis & Company, for the sum of $300. From that judgment the railroad company appeals.

Appellant first insists that the trial court should have awarded it a peremptory instruction because there was no competent proof of plaintiff's ownership of the property injured. The record, however, discloses the fact that plaintiff testified without objection that he was the owner of and in possession of the premises at the time of the blasting, and this was sufficient evidence of ownership to support an action for damages such as this.

Plaintiff and his witnesses testified that on frequent occasions during the blasting large rocks were thrown on his house and barn, and set out in detail the injuries resulting therefrom. Frequently when the blasting was going on he and his family would have to leave the premises. He testified that he thought it damaged his barn about $100 and his house and household goods about $400 or $500. He had the premises repaired in some respects, but was unable to state definitely what these repairs cost. The repairs which he actually made on the property did not aggregate the amount of damages recovered. The testimony of his other witnesses in regard to the damage was of a character similar to his. Their estimates of the damage done, without giving any facts on which to base them, were objected to. The court should have permitted the witnesses to set out in detail the injuries resulting from the blasting, and should have required them to state what sum was reasonably necessary to restore the buildings to the condition they were in prior to the injury.

The court in its instructions told the jury that the measure of damage was the difference between the value of the house and barn before they were injured and their value to plaintiff after the injury, and such further sums as would compensate plaintiffs for his loss of time and loss of the reasonable use and enjoyment of his house and home. This is not the correct measure of damages in a case like this. The injury was not permanent, but one that could be easily repaired. In such a case the measure of damages is a sum sufficient to restore the property to the condition it was in prior to the injury, and such further sum as will compensate the plaintiff for the diminution in the value of the use of the property during the continuance of the injury. Southern Ry. Co. v. A. M. E. Church's Trustees of Harrodsburg, 121 S. W., 972; Pickerill v. City of Louisville, 125 Ky., 229, 100 S. W., 873; Wallingford v. Maysville & Big Sandy Ry. Co., 107 S. W., 781, 32 Ky L. R., 1049.

It is further insisted that the court erred in telling the jury to find against the railroad company if the blasting was reasonably necessary, thus making it liable even though the injury to plaintiff's property was caused solely by the negligence of independent contractors. In answer to this contention, it is sufficient to say that the allegation of the company's answer that the work was done by independent contractors was denied by reply, and there was no proof showing that they were

independent contractors. That being true, the contractors were mere agents or servants of the railroad, and it is well settled in this state that where blasting operations result in a direct trespass upon the premises injured by casting soil or rock thereon, the liability of the railroad company causing the injury is absolute, and it must respond in damages irrespective of the question of negligence or want of skill. Langhorne v. Turman, 141 Ky., 809. However, in view of the fact that on another trial there may be evidence tending to show that those engaged in doing the blasting were independent contractors, we deem it proper to say that if the work of blasting was necessary in the execution of the contract and such as would naturally and probably result in injury to plaintiff's property, if done with ordinary care, the company cannot escape liability on the ground that it employed independent contractors to do the work. Probst, &c. v. Hinesley, 133 Ky., 64; Langhorne v. Turman, *supra*.

Judgment reversed and cause remanded for new trial consistent with this opinion.