## States Corporation, et al. v. Shull, et al.

(Decided October 12, 1926.)

### Appeal from Muhlenberg Circuit Court.

1. Damages—Measure of Damages for Injury to Building is Cost of Restoration to Prior Condition and Further Sum for Diminution in Value of Property's Use During Injury.—Measure of Damages for injury to buildings by blasting held to be sum sufficient to restore property to condition prior to injury and further sum sufficient to compensate for diminution in value of property's use during continuance of injury and not difference between market value before and after injury.

2. Explosives—Evidence of Trespass by Casting Material on Premises Held Inadmissible where Trespass was Not Averred.—Where plaintiffs failed to aver trespass in building damage suit, evidence of trespass, committed by casting dirt and rock upon premises, held inadmissible.

3. Explosives—Evidence as to Materials on Plaintiff's Premises Held Admissible in Building Damage Suit to Show Negligence.—Evidence of casting dirt and rocks on plaintiffs' premises held admissible on question of negligence in building damage suit, as tending to establish want of reasonable care on defendants' part.

WILKINS & SPARKS for appellants.

W. O. SMITH for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Alleging that appellant, States Corporation, a contractor, and Illinois Central Railroad Company, in setting off heavy blasts of powder and dynamite in the construction of a railroad cut through Central City near a seven-room frame building owned by appellees in that

city, had, through excessive .vibrations of air and earth; caused by the negligent manner in which the blasting was done and the excessive charges of explosives used to' do the same, greatly damaged the · building, in that its windows were 'broken and the plaster cracked and the chimney wrecked and the foundation under the house unsettled and loosened so as to cause the house to 'become unlevel and unsteady, appellees instituted this action in the Muhlenberg circuit court to recover $2,000.00 damages. Two trials were .had, the first resulting in a verdict of $800.00 in favor of appellee, and a new trial was granted; the second trial resulting in a verdict of $1,-250.00 for the plaintiffs, now appellees, and the States Corporation and the railroad company appeal, relying upon a number of alleged errors for a reversal of the judgment.

. We have considered appellants' several complaints, including (a) the introduction of incompetent evidence; (b) no proof was introduced to show that the blasting was negligently done; (c) failure of the court to give peremptory instruction at the conclusion of the evidence; (d) instruction on the measure of damages was erroneous, and (e) the damages awarded by the jury were excessive, but deem it unnecessary to consider any of them save (d) relating to error in instruction on measure of damages.

That instruction is clearly erroneous. In a case like this the measure of damages is such sum as is sufficient to restore the property to the condition it was in prior to the injury, and such further sum as will compensate the party seeking the damages for the diminution in value of the use of the property during the continuance of the injury. L. & E. R. R. Co. v. Baker, 156 Ky. 431; Southern Railway Company v. Church, 121 S. W. 972; Adams and Sullivan v. Sangel, 177 Ky. 535. Although this court has announced the doctrine in a number of cases, including those above cited, the trial court in its fourth instruction told the jury that if it should find for the plaintiffs, to award them such sum "as you believe from the evidence will reasonably compensate them for the difference, if any, in the fair, reasonable market value of their property immediately before it was injured by the defendants, if it were injured by them, and its reasonable

market value immediately after the injury, if it were injured by the acts of the defendants,'' which was error. Had the building been totally destroyed, then the measure given by the court might have been applied, but in cases where a building is only damaged by an explosion such as the one complained of in this action, the measure of recovery is a sum sufficient to restore the property to substantially the condition it was in prior to the injury, including diminution in the value of the use, as indicated above.    Upon another trial the court will instruct the jury as indicated.    The other instructions are as favorable to appellants as the law would permit.

As the plaintiffs did not aver trespass by the throwing of dirt and rock upon their premises they had no right to introduce evidence of trespass committed by the casting of such material upon their house and lot, except as such evidence tended to show the want of reasonable care upon the part of the defendants in the execution of the work of constructing the cut.    Such facts as tended to establish the want of reasonable care on the part of the defendants in the use of the explosives was competent on the question of negligence, and the court will upon another trial confine the evidence to the limits indicated.

As there is to be another trial of the case it is unnecessary for us now to consider the question of excessive award of damages and other questions made by appellants' brief, all such questions being expressly reserved.

Judgment reversed for new trial in conformity to the views herein expressed.