## Harris v. Stone et al.

(Decided Dec. 11, 1934.)

W. A. BERRY for appellant.

WHEELER, WHEELER & SHELBOURNE for appellees.

738

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

In September 1932, N. E. Stone, under the firm name of N. E. Stone & Co., was awarded a contract by the state highway commission for the construction, according to the plans and specifications of the commission, of the Paducah-Wickliffe road beginning at the west corporate limit of Paducah, and extending to its intersection with United States 60, near Maxon, a distance of approximately 6.935 miles. In October, 1932, he sublet by a written contract to C. E. and J. S. Cressup, engaged in business as Cressup Bros., the building of bridges and culverts on this road, to be constructed by them according to the plans and specifications of the commission and under the supervision of its engineer.

The residence of John C. Harris was located about 200 feet of a culvert required to be constructed under Stone's contract with the commission and under his contract with Cressup Bros. In December, 1932, in the removal of an old culvert on the highway, Harris charges, "they put in a very large and unnecessary charge of dynamite in the culvert and exploded it," which produced damage to his residence by the "cracking the walls, loosening the doors and windows and doing other damage to the extent and amount of $2,000.00"; "that with the use of a reasonable amount of dynamite the culvert could have been removed without any damage resulting in the explosion, and damage to the residence, and but for the use of an excessive amount of dynamite the resulting damage to plaintiff's residence would not have occurred."

On issues formed, after the introduction of Harris' evidence, the court directed a verdict for Stone, but submitted the issues as to Cressup Bros., which resulted in a verdict of $1,200 against them.

The sole question presented on this appeal is the propriety of the directed verdict for Stone. In his brief, Harris claims there are two reasons why the court erred in the giving of this instruction:

"First, because the record in this case does not justify the conclusion that these men were what in law would be termed independent contractors. Second, it is the contention of the appellants that a

general contractor cannot let to his sub-contractor a character of work to be done inherently dangerous in its nature.''

It is conceded the evidence established that Stone had no control or authority over Cressup Bros. in the conduct of the work further than to see that it was done according to the plans and specifications which were furnished by the state highway commission. He did not personally interfere with, undertake to do, manage, or control, the work of Cressup Bros., and they rendered the services in accordance with the contract with their own labor and means, and Stone was only concerned in the result of their work. Such facts established the relation of independent contractors between Cressup Bros. and Stone. Ballard & Ballard Co. v. Lee's Adm'r, 131 Ky. 412, 115 S. W. 732; Pine Mt. R. Co. v. Finley (Ky.) 117 S. W. 413; Jahns' Adm'r v. Wm. H. McKnight & Co., 117 Ky. 655, 78 S. W. 862, 25 Ky. Law Rep. 1758; Louisville & N. R. Co. v. Smith's Adm'r, 134 Ky. 47, 119 S. W. 241; Illinois Cent. R. Co. v. Murphy's Adm'r, 123 Ky. 787, 97 S. W. 729, 11 L. R. A. (N. S.) 352; American Savings Life Ins. Co. v. Riplinger, 249 Ky. 8, 60 S. W. (2d) 115, 118.

The contract of Stone and Cressup Bros. contains a clause requiring Stone to carry workmen's compensation insurance, covering the risk of Cressup Bros. to their employees in the performance of the contract; also a public liability policy, insuring and indemnifying them against loss because of any public liability claims on account of the doing of the work contemplated by the contract; the premiums to be charged to Cressup Bros.

Harris argues this clause of the contract renders Stone liable for the damage to his property, notwithstanding Cressup Bros. were otherwise independent contractors within the meaning of this term. Other than his mere assertion to this effect, he states no reason, and cites to us no authority, to sustain his contention. We can conceive of no reason and know of no authority authorizing us to concur in his insistence.

In the Replinger Case, we adopted this definition of an ''independent contractor'':

''A contractor is any person who, in the pursuit of an independent business, undertakes to do a specific piece of work for other persons, using his own means and methods, without submitting himself to

their control in respect to all its details. The true test of a contractor would seem to be that he renders service in the course of an independent occupation, representing the will of his employer only as to the result of his work, and not as to the means by which it is accomplished.''

In Herrick v. City of Springfield (Mass.) 192 N. E. 626, 628, the court said:

"As a general rule a person is liable for the negligence of his servants and agents engaged in his business; yet where one is employed under an entire contract for a stipulated sum, and is not under the control of his employer, the relation is held to be that of contractor and contractee, and not that of master and servant, and the sub-contractor alone is liable for negligence in the performance of the work. There are, however, certain well defined exceptions to this general rule. It is held that 'If the performance of the work will necessarily bring wrongful consequences to pass unless guarded against, and if the contract cannot be performed except under the right of the employer who retains the right of access, the law may hold the employer answerable for negligence in the performance of the work.' Boomer v. Wilbur, 176 Mass. 482, 484, 57 N. E. 1004, 1005, 53 L. R. A. 172; Woodman v. Metropolitan Railroad, 149 Mass. 335, 21 N. E. 482, 4 L. R. A. 213, 14 Am. St. Rep. 427; Wetherbee v. Partridge, 175 Mass. 185, 55 N. E. 894, 78 Am. St. Rep. 486; Boucher v. New York, New Haven & Hartford Railroad, 196 Mass. 355, 359, 360, 82 N. E. 15, 13 L. R. A. (N. S.) 1177; Coles v. Boston & Maine Railroad, 223 Mass. 408, 414, 111 N. E. 893; McGinley v. Edison Electric Illuminating Co. of Boston, 248 Mass. 583, 143 N. E. 537; Levensque v. Hildreth & Rogers Co., 276 Mass. 429, 177 N. E. 623.''

We have often ruled that, where the ordinary mode of doing work creates a nuisance or necessarily involves a trespass, the employer, in either event, is liable, though the one doing the work was not a simple employee, but an independent contractor. Louisville & N. R. Co. v. Smith's Adm'r, supra; American Car & Foundry Co. v. Spears, 146 Ky. 736, 143 S. W. 377; Lexington & E. R. Co. v. Baker, 156 Ky. 431, 161 S. W. 228; Pine Mt. Ry. Co. v. Finley, supra; Yellow Poplar Lum-

ber Co. v. Adkins, 221 Ky. 794, 299 S. W. 963; Slusher v. Asher, 250 Ky, 88, 61 S. W. (2d) 1057; Lexington & E. R. Co. v. Breathitt County Board of Education, 176 Ky. 541, 195 S. W. 1094.

Stone's securing insurance for the benefit of Cressup Bros., and charging them with the premiums thereon, was not of itself sufficient to create an exception to the general rule universally applied in such cases.

It was neither charged in Harris' petition, nor was it attempted to be shown by the evidence, that the blasting of the culvert was so hazardous at the place where the work was prosecuted, or was so near Harris' property, that damage to it was naturally to be expected to result, though done in a careful manner. On the contrary, Harris distinctly alleged and proved that the nuisance resulted and the trespass was committed in the prosecution of the work and from the manner in which it was done. It follows that Stone was not liable therefor, and the court properly directed a verdict for him. Yellow Poplar Lumber Co. v. Adkins and Louisville & N. R. Co. v. Smith's Adm'r, supra; Bellamy v. F. A. Ames Co., 140 Ky. 98, 130 S. W. 980; Dempster Construction Co. v. Tackett, 215 Ky. 461, 285 S. W. 191.

Wherefore the judgment is affirmed.