## City of Covington v. Parsons.

(Decided Feb. 19, 1935.)

RALPH P. RICH for appellant.
JOHN H. KLETTE for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

The appellee, Andrew Parsons, brought this suit in the Kenton circuit court to recover damages of the appellant, city of Covington, and C. C. Lowry, for injuries to his house. For his cause of action appellee, plaintiff below, alleged in substance "that the defendant, city of Covington, entered into a contract with its co-defendant, C. C. Lowry, whereby the city employed and contracted with Lowry to install and construct a sewer in Spring Street along and in front of plaintiff's property, together with other properties, and that the defendants in the construction of the sewer negligently, carelessly and wrongfully, dug a wide ditch along and near the front of plaintiff's property thereby removing the earth and weakening the support to plaintiff's property and so carelessly and negligently conconstructed said sewer so as to cause the plaintiff's property to slip, break and move thereby causing the foundation of his house to become damaged." He further set out in detail the nature of the damages to his house and prayed judgment for the sum of $2,000.

Appellee filed its answer in which it denied certain material allegations of the petition but admitted the construction of the sewer and affirmatively pleaded that its codefendant, Lowry, was an independent contractor, and for that reason sought to avoid liability for the alleged damages to plaintiff's property.

By subsequent pleadings the issues were made and the case proceeded to trial and resulted in a verdict for the defendants.

The plaintiff below filed motion and grounds for a new trial, as follows:

"1st. The verdict was against the weight of the evidence and contrary to law.

"2nd. The court erred in the admission of incompetent evidence offered by the defendants and objected to by the plaintiff.

"3rd. The court erred in refusing admission of competent and material evidence offered by the

plaintiff to which the plaintiff objected and excepted.

"4th. The court erred in his instruction directing the jury to find a verdict for the defendant, Charles C. Lowry, to which the plaintiff objected and excepted.

"5th. The court erred in giving instructions 1, 2, 3, 4, and 5, to which the plaintiff objected and excepted at the time.

"6th. The court erred in refusing to give instruction marked 'Plaintiff's Instruction A,' to which ruling the plaintiff objected and excepted at the time."

Later plaintiff filed additional grounds for a new trial, which were supported by the affidavits of three members of the jury, stating, in substance, that the case was submitted to the jury on the evening of February 24, 1933, and being unable to agree on a verdict on that date, they were dismissed until the morning of February 25; that, when the jury convened in its room to consider the case, Clifford Sanford, a member of the jury, stated in the presence of all the other jurors that, after adjournment on the evening before, he had talked to several contractors by telephone, stating to those with whom he conversed the nature of the case and issues, but did not reveal to them that he was a member of the jury trying such case. It seems that he sought legal advice from those to whom he talked respecting liability of employer and independent contractors. It seems that the advice he obtained was favorable to the city.

Later, upon a consideration of all the grounds for a new trial, the court sustained the motion without reference to any particular ground or reason. The order reads:

"Plaintiff's motion and grounds for a new trial are sustained, to which the defendants, and each of them, except."

The case was retried in October, 1933, and at the close of the evidence the court sustained motion of Lowry for a peremptory instruction and submitted the case to the jury as to the city, and the jury returned a verdict in favor of the plaintiff for $1,800, and a judgment was entered accordingly.

Appellant city filed motion and grounds for a new

trial in substance as follows: That the court erred in the instructions given to the jury and in refusing to give certain instructions offered by appellant; the court erred in overruling its motion for a peremptory instruction; the court erred in admitting incompetent and irrelevant evidence offered by plaintiff and in refusing to admit competent and relevant evidence offered by defendant.

Later appellant filed additional grounds for a new trial, insisting that the damages are excessive and appearing to have been given under the influence of passion or prejudice. The court overruled appellant's motion for a new trial, and it then moved the court to set aside the verdict returned on the last trial and substitute and re-enter for it the first judgment rendered for defendant on the first trial, which motion was also overruled. Hence this appeal.

Appellant's grounds for a new trial based on the court's ruling on the evidence offered and rejected by the respective parties, and that the damages are excessive, are not insisted on in brief for appellant. It is the well-known rule that complaints not insisted on in brief will be considered abandoned. Therefore we will only consider the points discussed in brief for appellant.

The argument is that the court set aside the verdict on the first trial solely on the ground of the affidavits of the jurors tending to impeach their verdict. The rule that a jury will not be allowed to impeach its own verdict is too well established to require a discussion or citation of authority. If this had been the only ground for a new trial, obviously the court's ruling would have been erroneous. It will be noticed that appellee's ground for a new trial consist of numerous items as herein above set out. The order of the court sustaining the motion and granting the new trial does not disclose what grounds were considered sufficient by the court. The conduct of the jury and their affidavits tending to impeach their verdict is the only ground discussed or complained of in brief for appellant. It is not insisted that the other alleged grounds were insufficient. Where part of the grounds for a new trial is sufficient and others insufficient, it will be presumed that the court acted upon the sufficient ones, unless it is shown by the record that the court acted upon an insufficient ground. Crowley v. L. & N. R. R. Co., 55

S. W. 434, 21 Ky. Law Rep. 1434. In view of this rule and the rule that the trial court is allowed a wide discretion in granting or refusing new trials, we are unable to say that the court erred in granting appellee a new trial.

The first trial was practiced on the theory of negligent construction of the sewer as alleged in the petition, and the court instructed the jury, in substance, that they should not find for plaintiff unless defendant city failed to use ordinary care in the construction of the sewer. It will be noticed that in plaintiff's motion and grounds for a new trial he complains that the court erred in the instructions given.

It is the argument and theory of the appellee, plaintiff below, that he is entitled to recover for the damages to his property resulting from the construction of the sewer, pursuant to section 242 of the Constitution of our state, which provides for compensation for the taking of private property for a public use, and it is immaterial whether or not the work was negligently done. On the last trial the court did not instruct the jury on negligence, but instructed the jury as follows:

"The city of Covington had the right to do everything necessary to construct a sewer on Spring Street, but in so constructing said sewer it was the duty of the City to do such work in such a way as not to injure plaintiff's property. Now, if you believe from all the evidence that said property was damaged solely by the City's construction of said sewer, if such property was damaged, and that said property was damaged, if it was, as a direct result of the work of constructing said sewer, then, in that event, the law is for the plaintiff."

Obviously the above instruction was given on the theory that the city was responsible for the damages to plaintiff's property under section 242 of the Constitution, which is in accord with appellee's contention. This instruction is complained of by appellant as being erroneous. But to determine the propriety of this instruction, and the one given on the first trial based on negligent construction of the sewer, it will be necessary to first determine whether appellee's right to recover is for the negligent construction of the sewer or whether he is entitled to recover under section 242 of

the Constitution, regardless of the allegations of negligence. It is argued for appellant that, appellee having alleged negligence, his right to recover, if any, is restricted to that issue. On the other hand, it is argued for appellee that the allegations of negligence are surplusage, but not harmful to his petition, because it was both alleged and proved that the damages to his house resulted from the construction of the sewer which was for a public purpose.

Under the provisions of the old Constitution, a recovery for the taking of private property for a public use was restricted to the property actually taken. But under section 242 of our present Constitution this right includes not only the property invaded or actually taken, but includes damages resulting directly to abutting property.

In City of Louisville v. Hehemann, 161 Ky. 523, 171 S. W. 165, L. R. A. 1915C, 747, it is held that, where a city had maintained a dump at a proper place for it, it was nevertheless liable under section 242 of the Constitution for injury to the property rights of one living in the vicinity. To the same effect see City of Georgetown v. Ammerman, 143 Ky. 209, 136 S. W. 202.

In Board of Councilmen of Frankfort v. Edelin, 82 S. W. 279, 26 Ky. Law Rep. 601, it is held that under section 242 of the Constitution a property owner is entitled to recover damages for an injury to his property by the grading of a street adjoining the same, though there was not actual invasion of his property lines. In Perry County et al. v. Townes, 228 Ky. 608, 15 S. W. (2d) 521, it is held that the removal of lateral support of premises bordering on the highway in making highway improvements to the extent of causing a substantial part of the adjoining land to subside and fall so as to injure the premises affected amounts to taking of property for public use. To the same effect see Floyd County, Kentucky, v. West Virginia-Kentucky Hardware & Supply Co. (C. C. A.) 59 F. (2d) 895; O'Gara et al. v. City of Dayton, 175 Ky. 395, 194 S. W. 380, L. R. A. 1917E, 574.

There is no contention that the work was not done according to the approved plans of the city and by the city's contractor. The general rule is that the employer is not responsible for the acts of an independent contractor; however, there are numerous exceptions to

this rule. But we know of no rule whereby a public agency or others vested with the power of eminent domain will be relieved from liability under section 242 of the Constitution, even though the act may be done by an independent contractor.

In Harris v. Stone, 256 Ky. 737, 77 S. W. (2d) 18, 19, we said:

"We have often ruled that, where the ordinary mode of doing work creates a nuisance or necessarily involves a trespass, the employer, in either event, is liable, though the one doing the work was not a simple employee, but an independent contractor"—

citing Lexington & E. R. Co. v. Baker, 156 Ky. 431, 161 S. W. 228, wherein it is held that, where the natural and probable result of work or an act done is to injure the property of another, the contractee cannot escape liability by having the work done by an independent contractor.

In the case at bar, the digging of the ditch was necessary and the very thing the city contracted to have done, and the damages resulting to appellee's property was the natural consequence of the removing of the earth by excavating and digging the ditch, which was done in accordance with the plans and specifications of the city, and, the power of eminent domain being involved, it is immaterial whether the contractor did the work prudently or negligently. In C. & O. Ry. Co. v. Wadsworth Elec. Mfg. Co. 234 Ky. 645, 29 S. W. (2d) 650, it is held that, where the power of eminent domain is involved, all corporations participating in the taking of private property for public use are liable for damages.

Appellee alleged in his petition in substance that his house was damaged as result of the construction of the sewer, and we do not think the allegations of negligence, though unnecessary, restrict his right to recover to that particular issue. A pleader has the right to plead all causes of action he has, or may believe he has, and, if he is entitled to recover under any allegation, unnecessary or even insufficient allegations will not defeat his right to recover under facts well pleaded.

After a careful consideration of the record and the authorities, we have reached the conclusion that the appellee was entitled to recover under section 242 of the

Constitution, and it is immaterial whether the work was done directly by the city or by its independent contractor, or that it was negligently or prudently done, and that the instructions given on the last trial are correct.

The judgment is affirmed.