# City of Cumberland v. Central Baptist Church of Cumberland et al.

June 20, 1947.

J. S. Forester, Judge.

J. B. Wall and C. A. Bailey for appellant.

Astor Hogg for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

The appeal is from a judgment for $1,000 against the appellant for damages to a church caused by an excavation for the installation of a sewer. It is argued that neither the petition nor the evidence was sufficient to establish liability upon the City.

It is alleged that the City of Cumberland had made a contract with Harry Martin, employing and contracting with him to install a sewer along East Street, which runs in the rear of plaintiffs' church, and that in doing the work the defendant and the contractor had removed the lateral support of the property by leaving a ditch open for a considerable period of time and thereby caused the building to subside. The point made is that since a city can speak only through and by its records, it was necessary to plead the due enactment of an ordinance authorizing the work and the contract; that since it was not shown there was a valid contract with Martin, the City cannot be held liable for his act. Plaintiffs' evidence did not go any farther than the pleading, and the defendant's motion for a peremptory instruction was based upon a failure in both the pleading and the proof in this particular.

The action is not predicated on negligence but on the taking of property for a public purpose, which under Section 242 of the Constitution cannot be done without compensation. It is the settled interpretation of this provision of the constitution that where negligence is not the cause, the owner of property may recover of a city damages to real property as well as the actual taking of it. A case like the present is City of Covington v. Parsons, 258 Ky. 22, 79 S. W. 2d 353.

This is not an action on a contract. It seems to us that pleading and proving the validity of the contract with one doing work of this character is unnecessary, for the liability on the one side and the right on the other is by virtue of the constitution and does not depend on legislative authority. 44 C. J. 474; Bruno v. City of Chicago, 214 Ill. App. 498; Jeffersonville v. Myers, 2 Ind. App. 532, 28 N. E. 999. It is presumed that the municipal authorities have acted in accordance with the law. And in the construction of sewers and like public improvements in a street it may be presumed in a tort action that it was done in the exercise of legitimate governmental powers and under proper legislative authority. 44 C. J. 476. If the contractor was a trespasser or acted without municipal authority, the defendant should plead and prove it. We think the allegation in general terms of the contractual relationship with

Martin was sufficient. See Gorley v. City of Louisville, 65 S. W. 844, 23 Ky. Law Rep. 1782.

There is some argument that the appellant was entitled to a directed verdict on the merits. The plaintiffs clearly proved that the contractor had opened a ditch four to six feet deep, three or four feet from the church wall, and left it open for a week or so in a rainy season; that soon thereafter a crack in the wall of the building appeared and that it progressively widened until it reached such a condition as will require tearing down the corner of the building and reconstructing it. While the several witnesses who testified to this did not undertake to say positively and absolutely that the crack was not there before the ditch was dug, they did testify they had never seen any crack there previously and were in and around the building frequently. The evidence of the defendant was to the effect that there was an old crack in the wall at this place, but even they did not deny that it had opened wider and longer right after the excavation. The contractor's testimony was that the ditch was filled in the same day it was dug. The evidence fully sustains the verdict.

The judgment is affirmed.