CITY OF NEWPORT, a Municipal
Corporation, Appellant,

v.

Frank A. ROSING, Jr., et al., Appellees.

Court of Appeals of Kentucky.

Oct. 24, 1958.

Rehearing Denied Feb. 6, 1959.

Charles J. Schear, City Solicitor, Newport, for appellant.

Thos. W. Hardesty, Newport, for appellees.

CLAY, Commissioner.

After a consolidated jury trial the two plaintiff appellees each recovered a judgment for $17,000 against appellant, City of Newport, as damages for the destruction of their homes. On this appeal the city contends there are many reasons why the judgments are erroneous.

Plaintiffs each owned a modern home located in a residential section of the city on New Linden Road. The ground sloped to the rear and terminated in the channel of a creek on the plaintiffs' properties.

In June of 1956, after a series of very heavy rainfalls, the creek flooded and the homes of residents who lived on the opposite side were damaged. This flooding was caused in part by the fact that the channel of the creek had filled up.

The city decided to dig out the creek channel to improve the drainage. It obtained from the abutting property owners a "Release" which relieved the city of liability for trespass upon the owners' property during the progress of the work, or by reason of damage to improvements in the creek bed area.

The city undertook to widen and deepen the channel. In the course of this work the toe of the slope from plaintiffs' properties was cut off. This removed lateral support from these lands, causing the land and the houses thereon to slide toward the creek, completely destroying the homes.

The essential facts in this controversy are not in dispute. The city, in undertaking a public improvement, destroyed the property of adjoining landowners. This constituted a "taking" of property under section 242 of the Kentucky Constitution, and the municipality must pay just compensation therefor by way of damages. Perry County v. Townes, 228 Ky. 608, 15 S.W.2d 521; Jefferson County v. Bischoff, 238 Ky. 176, 37 S.W.2d 24; City of Covington v. Parsons, 258 Ky. 22, 79 S.W.2d 353. In the first case cited, it is stated, 15 S.W. 2d at page 522:

"The removal of the lateral support of premises bordering on a highway, in

making highway improvements, to the extent of causing a substantial part of the adjoining owners' land to subside and fall so as to injure the premises affected, is to all intents and purposes an invasion of private property rights; and appropriation of the soil to the extent of such injury, and amounts to a taking of property for public use."

For a recent review of our cases involving the problem of municipality liability, see V. T. C. Lines, Inc. v. City of Harlan, Ky., 313 S.W.2d 573.

Ignoring this fundamental principle of liability, the city has interposed a series of ingenious defenses. For example, it argues that the law of lateral support only applies between adjoining landowners, and since the city was not an adjoining landowner, it could not be liable. It seems unnecessary to discuss such a proposition.

■ The city contends that by executing the "Release" the plaintiffs gave up their right to lateral support. The "Release" did not purport to cover the character of damage plaintiffs sustained, and if it could be so construed, there was no consideration for such an agreement.

■ It is further said that the plaintiffs did not prove negligence. Negligence is not the basis of recovery and the allegations of the complaint with respect thereto were surplusage. City of Covington v. Parsons, 258 Ky. 22, 79 S.W.2d 353.

■ The city claims the right to destroy the plaintiffs' properties as the exercise of the police power in an emergency. No emergency existed when this damage was done.

■ The city contends that the damage was caused by the shifting of filled dirt rather than the virgin soil upon which the houses were built. In substance this question was submitted to the jury, but we are doubtful it was of any significance. The city had no right to destroy the plaintiffs' properties, either by removing filled dirt or natural soil.

■ The city contends it was the duty of the plaintiffs to shore up their properties so that this damage would not be caused after notice that the city proposed to dig a channel in the creek. This channel was to be dug in a "feasible" manner, and plaintiffs had no notice that the work would likely cause injury to their properties.

■ It is next contended that the proof of damages related to the reasonable market value of the houses at the time of trial rather than their market value before they were destroyed. Since the questions asked the witnesses related to the houses as they "originally" existed, it is evident that the estimates were based upon valuations prior to the time of their destruction. They had no value at the time of trial. We might point out here that the jury viewed the properties, and their awards were less than the minimum valuations fixed by the expert witnesses.

■ Finally, the city contends that the verdict is contrary to the evidence because the houses were improperly constructed. There was substantial proof to the contrary. While we have some doubt that this is a relevant issue at all, it was submitted to the jury and they resolved the question in favor of the plaintiffs.

On the whole case we are of the opinion that the instructions given the jury were more favorable to the defendant than the law required; that the evidence fully supports the verdict in all respects; and that the manner in which the circuit court tried this case was most commendable. We find no error.

The judgments are affirmed.