**Ted BLAIR, Appellant,**

**v.**

**CITY OF PIKEVILLE et al., Appellees.**

Court of Appeals of Kentucky.

June 5, 1964.

Rehearing Denied Dec. 18, 1964.

Joe Hobson, Prestonsburg, V. R. Bentley, Pikeville, for appellant.

James P. Ramsey, Dan Jack Combs, Hobson & Stephens, O. T. Hinton, Pikeville, for appellees.

DAVIS, Commissioner.

Appellant Blair asks reversal of a judgment of the Pike Circuit Court denying his claim for damages against appellees, City of Pikeville and its contractor, Mitchell Preston. The appellant's damage suit arose when appellee city, through its co-appellee Preston, constructed a sewer line over appellant's Lots 40, 41 and 42 of T. J. Williamson Addition to the City of Pikeville.

Appellant attacks the adverse judgment on these grounds: (1) The easement under which the city claims is invalid; (2) it was error to direct a verdict for the city; and (3) the court erred in the instructions given and in refusing the instructions offered.

Appellant acquired title to the three lots in question in 1932; at that time there was a residence on the property. In the chain of appellant's title was a deed executed by T. J. Williamson which contained the following provision:

"There is reserved and excepted to T. J. Williamson, heirs and assigns and the City of Pikeville, the right to install and maintain a public storm and sanitary sewer over and through said lot, allowing connection to the second party."

It was not until 1957 that the appellee city undertook to exercise any right it had under the quoted deed provision.

By his complaint, appellant charged that during 1957 and 1958 the city, through its contractor, Preston, while constructing a road-way or sewer line over, through and across appellant's lots, "wrongfully, wilfully, wantonly, oppressively, and maliciously" cut down and destroyed various trees, fences, hedges, arbors, flowers, plants, concrete steps, complete water system, water lines, gas lines, plumbing and fixtures of appellant. Additionally, appellant charged that the activities of the appellees had damaged his residence building, including damage to its interior, roof and foundation. Appellant further claimed that his outbuildings and sidewalks had been damaged incident to the acts of appellees, and laid his claim for damages in the sum of $10,000.

At the conclusion of all the evidence the trial court directed a verdict in behalf of the appellee city, but submitted the question of appellee Preston's liability to the jury. The trial court's instructions informed the jury that appellee Preston had a right to construct the line, but that liability should be imposed upon him if he constructed the sewer "in an intentional, wilful and wanton manner, and thereby damaged" appellant's property. The court further instructed the jury that if it believed that appellee Preston performed the work according to the contract and pursuant to the plans and specifications, "in a careful and prudent manner," he was not liable for any damage. The jury returned its verdict for appellee Preston.

It is the contention of appellant that the city took nothing by the provisions of the deed just recited, and to support that view appellant relies upon the cases holding that a reservation or exception in favor of a stranger to the deed is void or inoperative. Appellant urges that his view is fully supported by Beardslee v. New Berlin Light & Power Co., 207 N.Y. 34, 100 N.E. 434, Ann. Cas.1914B, 1287; Flynn v. Fike, 291 Ky. 316, 164 S.W.2d 470; Slone v. Ky. W. Va. Gas Co., 289 Ky. 623, 159 S.W.2d 993; and Allen v. Henson, 186 Ky. 201, 217 S.W. 120.

We renounced the rule invalidating reservations to a stranger in Townsend v. Cable, Ky., 378 S.W.2d 806. Moreover, it is not believed that the rule would have controlled this case in any event, since Williamson was a party to the deed, and

the reservation was to him.* Obviously, by the terms of the quoted deed, Williamson reserved the easement, so it did not pass to appellant; we need not determine whether Williamson effectively dedicated the easement to the appellee city, since appellant has no interest in that matter, and there is no dispute between Williamson and the city.

■■ It is noted that the easement did not contain language fixing its precise location, nor were details inserted fixing its width, depth or other specifications. In such circumstances, reason and authority dictate that the rights obtained by the dominant owner are those necessary for the reasonable and proper enjoyment of the easement. By parity of reasoning, the owner of the servient estate retains the right of full dominion and use of his land, except so far as a limitation of his right is essential to the fair enjoyment of the easement. Maxwell v. McAtee, 9 B.Mon. (48 Ky.) 20; 28 C.J.S. Easements § 75; Horky v. Ky. Utilities Co., Ky., 336 S.W.2d 588; 17A Am.Jur., Easements, § 112; Vol. 3, Tiffany on Real Property, 3rd Ed., § 803.

The principles involved were recognized in Louisville & N. R. Co. v. Pierce, Ky., 254 S.W.2d 943, in which it is said:

"Generally, the rule has been established that if an easement is granted or reserved in general terms which do not fix its location the owner of the servient estate has the right in the first instance to designate the location of the easement. The right, however, must be exercised in a reasonable manner with due regard to the rights of the owner of the dominant estate."

■ Thus, is may be said that the rights and duties of the dominant and servient owner are correlative; neither may unreasonably exercise rights to the injury of the other. Cf. Central Ky. Natural Gas Co. v. Huls, Ky., 241 S.W.2d 986, 28 A.L.R. 2d 621.

It is recalled that the appellant acquired the property in 1932, at which time a dwelling was already constructed. The easement had already been created, but not exercised. We think it is at once apparent that the city could not reasonably have demanded the removal of the residence from the lot —particularly in the absence of a showing that the easement could not otherwise be utilized. In our view, the construction of the residence on the servient lots was clearly an election by the servient owner that the easement be not located so as to unreasonably damage or interfere with the use of the residence. There is no showing in the record before us that the particular route of the sewer line was the only reasonable one which could have been selected by the dominant owner. It may not be said as a matter of law that the methods used were reasonable. It was shown that appellee Preston had considered it necessary "to block out a roadway for the line" in order to get machinery and materials to the site of the sewer line. Preston testified that he "had permission" (presumably from the city) to use any part of the right of way for storage of debris or rock or "what have you" until the sewer line was laid, "and then use the same stuff to refill the ditch." Since there was no specific delineation of the right of way, it is difficult to understand how the city could have assumed to grant such authority to appellee Preston.

■ Neither the city nor Preston may be absolved from liability on the mere basis that the work was done without negligence according to plans and specifications. First, there must be a determination that the plans and specifications were in furtherance of a *reasonable* use of the easement, considered in light of the existing use of the property by appellant. It may not be doubted that had the plans required demolition of the residence, a serious question as to their being reasonable would have been presented. Only a difference in degree appears on a showing of *damage* to the structure rather than destruction of it.

Appellant urges that he is not required to show negligence. He asserts that the damages claimed arise from an unwarranted taking of his property by appellee city, without compensation, and predicates his right of recovery on § 242, Ky.Constitution. In support of this theory he relies upon City of Danville v. Smallwood, Ky., 347 S.W.2d 516; City of Newport v. Rosing, Ky., 319 S.W.2d 852; City of Cumberland v. Central Baptist Church of Cumberland, 305 Ky. 283, 203 S.W.2d 57; City of Covington v. Parsons, 258 Ky. 22, 79 S.W.2d 353; Jefferson County v. Bischoff, 238 Ky. 176, 37 S.W.2d 24; Perry County v. Townes, 228 Ky. 608, 15 S.W.2d 521; Floyd County, Ky. v. W. Va. Ky. Hardware & Supply Co., (6 Cir.) 59 F.2d 895; Commonwealth v. Kelley, 314 Ky. 581, 236 S.W.2d 695.

 Appellee city counters with the reasoning that the instant case is distinguishable from the cited authorities on the premise that those cases involved damage to an adjacent property owner, whereas in this case the city had a right *on* the property involved. We are unable to accept that argument. In the cited cases the sovereign had acquired a right of way; the same is true here. If the sovereign extends its activities beyond the acquired right of way to the damage of the abutting owner, it seems to us that there is a taking within the purview of § 242, Ky.Constitution.

Neither is appellee Preston absolved from all liability upon a showing that he complied with the plans and specifications without negligence. If the city acted unreasonably, thereby falling within the "reverse condemnation" theory of § 242, Ky.Constitution, then appellee Preston may not be relieved of liability just because he followed the plans. Chesapeake & Ohio R. Co. v. Wadsworth Elec. Mfg. Co., 234 Ky. 645, 29 S.W.2d 650; Terhune v. Gorham, 225 Ky. 249, 8 S.W.2d 431; Black Mountain Corp. v. Houston, 211 Ky. 621, 277 S.W. 993.

Upon another trial, the court will submit to the jury whether the path and width of the easement selected by the city were reasonable. The jury shall determine whether the method of construction was reasonable. If that preliminary inquiry is resolved against the appellees, then the jury shall be instructed to award damages to appellant against the appellees, jointly and severally, as the jury may believe proximately resulted from the unreasonable activity.

Since appellant disclaimed reliance upon negligence as a basis for recovery, we refrain from expression of any view on possible liability of either appellee on that basis.

The judgment is reversed for proceedings consistent with this opinion.