Ted **BLAIR**

v.

**CITY OF PIKEVILLE et al.**

Court of Appeals of Kentucky.

June 26, 1970.

Joe P. Hobson, Prestonsburg, V. R. Bentley, Pikeville, for appellant.

O. T. Hinton, John M. Stephens, Stephens, Combs & Page, Pikeville, for appellees.

DAVIS, Commissioner.

Pursuant to this court's mandate in Blair v. City of Pikeville, Ky., 384 S.W.2d 65, a trial was held in the Pike Circuit Court which resulted in a verdict and judgment for Blair against the City of Pikeville and its contractor, Preston, in the sum of $1250. Being dissatisfied with that result Blair has appealed, asserting that the court erred (1) in instructing the jury; (2) in admitting incompetent evidence; (3) in rejecting competent evidence; and (4) in failing to set aside the verdict as grossly inadequate.

The factual background of this litigation is recited in Blair v. City of Pikeville, Ky., 384 S.W.2d 65. Blair's suit sought recovery from the City and its contractor for damages allegedly sustained by reason of the City's claimed unreasonable exercise of a sewer easement across Blair's land in Pikeville.

■ The trial court instructed the jury that the City had a right to construct the sewer line on Blair's property, subject to the City's duty to so locate the sewer line as not to damage Blair's property or improvements. This phase of the first instruction may have been somewhat more favorable to Blair than warranted, but that question is not before us. The court, upon that predicate, submitted two questions to the jury:

"(1) Was the path and width of the sewer line as located by the City reasonable?"

and

"(2) Was the method of construction of the sewer line reasonable?"

The jury answered both questions "No." Hence, as directed by Instruction No. II, the jury assessed damages based on the difference in before and after values of Blair's property.

It seems to us that the trial court followed precisely the directions of this court recited in Blair v. City of Pikeville, Ky., 384 S.W.2d 65, at page 68. There was a sharp issue as to whether the City had acted reasonably in the location and installation of the sewer line. It would have been error for the trial court to peremptorily direct the assessment of damages without the preliminary findings. There is no merit in appellant's first assignment of error. Even if the court had erred in submitting the preliminary inquiries (and we think it did not err), the error could not be deemed prejudicial since the jury found for Blair, so that the damage instruction then became peremptory in nature.

■ Appellant contends that the trial court erred in permitting the City and its contractor to introduce the plans and specifications used for the sewer line. We find this claim of error untenable. Certainly, the City and its contractor had to meet the issue as to whether the location and installation were reasonable. It is difficult to perceive how they could have urged reasonable location and installation without exhibiting the plans and specifications employed.

■ Blair offered twelve photographs in evidence. The trial court received four of them, rejecting eight others. The latter were made part of the record by avowal. The eight pictures which were rejected depict people, but portray nothing which could reasonably assist the jury in determining the issues relating to claimed damage to Blair's property. The jury viewed the premises. We can find no error in the court's rejection of the eight photographs.

■ Finally, appellant contends that the damages awarded were grossly inadequate. The jury's verdict was within the range of the evaluation evidence heard by it. The jury might have been persuaded to return a larger award, but the evidence for appellant was not so overwhelming as to require a larger verdict. There were many factors

in evidence which properly cast doubt on the accuracy of the damage claimed by appellant. The resolution of those issues was peculiarly within the province of the jury. We are not persuaded that any showing has been made which would authorize reversal because of alleged inadequacy of damages.

The judgment is affirmed.

All concur.